# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| CITY GAS COMPANY, | ) |
| Plaintiff, | ) ) ) Case No.: _____ |
| v. | ) ) |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, TIG INSURANCE COMPANY (f/k/a Ranger Insurance Company), and TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Civil Local Rule 8 of the U.S.D.C. for the Eastern District of Wisconsin, Defendant, HARTFORD ACCIDENT AND INDEMNITY COMPANY ("Hartford"), by and through its undersigned attorneys, hereby removes this action to this Court and gives notice of the removal of this action from the Circuit Court of Langlade County, Wisconsin. In support of this Notice of Removal, Hartford states as follows:

## BACKGROUND

On or about February 9, 2022, Plaintiff, CITY GAS COMPANY ("City Gas"), commenced this civil action by filing its Complaint in the Circuit Court of Langlade County, Wisconsin, captioned as *City Gas Company v. Hartford Accident and Indemnity Company, TIG Insurance Company, f/k/a Ranger Insurance Company, and Travelers Casualty and Surety Company, f/k/a Aetna Casualty and Surety Company,* Case No. 2022CV000021. (A true and correct copy of the Complaint is attached hereto as Exhibit A.) On February 11, 2022, the Summons and Complaint

was served on Hartford through its registered agent. (A true and correct copy of the Service of Process Transmittal is attached hereto as Exhibit B.) City Gas also executed service of process on Defendant, TIG INSURANCE COMPANY (f/k/a Ranger Insurance Company) ("TIG"), on February 11, 2022, and on Defendant, TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company) ("Travelers"), on February 11, 2022.

In compliance with 28 U.S.C. § 1446(b), Hartford files this timely Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based, and within thirty (30) days after receiving service of the Summons and Complaint. The Complaint is the only pleading that has been served upon Hartford that has been filed with the court at this time. Defendants TIG and Travelers also have been served and join in and consent to this removal. No defendant has filed any responsive pleading to the Complaint.

City Gas alleges that Hartford, TIG, and Travelers (together, "Defendants") owe City Gas a duty to defend and indemnify under insurance policies that they issued or purportedly issued to City Gas, with respect to a 2001 Wisconsin Department of Natural Resources' ("DNR") potentially responsible party ("PRP") letter concerning environmental investigation and remediation costs arising out of City Gas' (and/or its predecessors') ownership and use of a manufactured gas plant ("MGP"), including the disposal of tar-like byproducts at that MGP site. City Gas seeks a declaration that the Defendants have a duty to defend and indemnify it against the PRP letter and that the Defendants have breached those duties by purportedly failing to do so. (Ex. A, ¶¶ 27-47.) City Gas also claims that the Defendants are liable for a bad faith denial or delay in payment of insurance benefits to City Gas because they "knew or recklessly disregarded the fact that there was

no reasonable basis" for their alleged denial and/or delay. (Ex. A, ¶¶ 49-50.) As a result, City Gas seeks compensatory damages, punitive damages, attorney fees, and other relief.

By removing this action from the Circuit Court of Langlade County, Wisconsin, Defendants do not waive any defenses available to them (including any defense or objections under Fed. R. Civ. P. 12) or admit any of the allegations in the Complaint. Defendants reserve the right to supplement this Notice of Removal, if necessary.

## **GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

This action may be removed to this Court by Hartford, pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

### 1. **Complete Diversity of Citizenship**

*Plaintiff's Citizenship:* City Gas is a utility formed under the laws of the State of Wisconsin with its principal place of business in Wisconsin. City Gas is therefore a citizen of Wisconsin. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317-18 (2006) (corporations are deemed "citizens" for 28 U.S.C. § 1332 purposes only in their state of incorporation and where their principal place of business is located).

*Defendants' Citizenship:* Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut. Thus, Hartford is a citizen of Connecticut. *Id*.

TIG is an insurance company formed under the laws of the State of California with its principal place of business in New Hampshire. Thus, TIG is a citizen of both California and New Hampshire. *Id.*

Travelers is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut. Thus, Travelers is also a citizen of Connecticut. *Id.*

At no time relevant to the Complaint have any of the Defendants had a principal place of business in Wisconsin, nor were they incorporated in Wisconsin.

### 2. Jurisdictional Amount

The Complaint seeks a declaration of the Defendants' duties to defend and indemnify City Gas for the environmental investigation and remedial actions purportedly alleged against it by the DNR, as well as compensatory damages, punitive damages, interest, and attorney fees associated with its claims. In addition, City Gas alleges that the cost of environmental remediation at the former MGP site (exclusive of the costs of investigation and defense) ranges between $12,893,700 and $32,030,700, depending on the remedy ultimately approved by the DNR. (*See* Ex. A, ¶ 24.) Therefore, the amount in controversy is well in excess of $75,000, exclusive of interest and costs. Because the jurisdictional minimum is satisfied and all parties are of diverse citizenship, the Court has original jurisdiction of this action under 28 U.S.C. § 1332. Accordingly, Hartford is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

### CONCLUSION

Hartford has complied with the procedural requirements of 28 U.S.C. § 1446, the Federal Rules of Civil Procedure that govern removal from state court, and Civil Local Rule 8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties to this lawsuit and the amount in controversy exceeds $75,000.

This action is removed to the proper court. The United States District Court for the Eastern District of Wisconsin, Green Bay Division, is the federal judicial district encompassing the Circuit Court of Langlade County, Wisconsin, where the Complaint was filed. Notice of filing of removal will be promptly given to the Circuit Court of Langlade County, Wisconsin.

WHEREFORE, Hartford respectfully provides notice that this cause has been removed from the Circuit Court of Langlade County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Green Bay Division, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of the United States District Court for the Eastern District of Wisconsin.

Dated: March 10, 2022

          WEISS LAW OFFICE, S.C.
          Attorneys for Defendant
          Hartford Accident and Indemnity Company

          By: */s/ Monte E. Weiss*
              *Electronically signed by*
              Monte E. Weiss

Monte E. Weiss
State Bar No. 1003816
Weiss Law Office, S.C.
1017 W. Glen Oaks Lane, Suite 207
Mequon, WI 53092
(262) 240-9663 (Telephone)
(262) 240-9664 (Facsimile)
mweiss@mweisslaw.net

-and-

Dena Economou
Thomas D. Ferguson (admission pending)
Karbal, Cohen, Economou, Silk & Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 431-3700 (Telephone)
(312) 431-3670 (Facsimile)
deconomou@karballaw.com
tferguson@karballaw.com

## **CERTIFICATE OF SERVICE**

        The undersigned does hereby certify that a true and correct copy of the foregoing document, Notice of Removal, was electronically filed with the Clerk of the Court via the CM/ECF system on this 10th day of March 2022 and was thereafter served via electronic mail and U.S. Mail upon the following:

    David E. McFarlane/SBN: 1016281
    Sheila M. Sullivan/SBN: 1025532
    Bell, Moore & Richter, S.C.
    345 W. Washington Ave., Suite 302
    Madison, WI 53703
    dmcfarlane@bmrlawyers.com
    ssullivan@bmrlawyers.com

                                            */s/ Monte E. Weiss*
                                            *Electronically signed by*
                                            Monte E. Weiss