UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CITY GAS COMPANY,

      Plaintiff,

      v.                         Case No. 22-C-311

HARTFORD ACCIDENT & INDEMNITY COMPANY,
TIG INSURANCE COMPANY,
f/k/a Ranger Insurance Company, and
TRAVELERS CASUALTY AND SURETY COMPANY,
f/k/a Aetna Casualty and Surety Company,

      Defendants.

---

## DECISION AND ORDER

---

      This action arises out of a dispute between Plaintiff City Gas Company and Defendants Hartford Accident and Indemnity Company, TIG Insurance Company, and Travelers Casualty and Surety Company over insurance coverage for the past and future environmental investigation and remediation costs Plaintiff incurred. Plaintiff filed suit in state court alleging that Defendants breached their respective policies to indemnify and provide coverage for Plaintiff. It asserts that Defendants' denial of coverage amounts to bad faith. Hartford removed the action to federal court on March 10, 2022. This matter comes before the Court on Defendants' joint motion to bifurcate the bad faith claim from the coverage claim and stay all discovery related to the bad faith claim until the issue of coverage is resolved. For the reasons that follow, Defendants' motion will be granted.

      The court has discretion to bifurcate claims for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is appropriate when it (1) avoids

prejudice to a party or serves the interests of judicial economy, (2) does not unfairly prejudice the non-moving party, and (3) does not violate the Seventh Amendment. *See Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). While federal civil procedure does not depend on the state law that governs Plaintiff's claims, this Court has previously noted that bifurcation is ordinarily appropriate in actions involving insurance coverage and bad faith claims arising under Wisconsin law. *See Ratajczak v. Beazley Sols. Ltd.*, No. 13-C-45, 2014 WL 3057158, at *5 (E.D. Wis. July 7, 2014); *Winter v. Liberty Mut. Fire Ins. Co.*, No. 6-C-800, 2006 WL 2711804 (E.D. Wis. Sept. 21, 2006). Under Wisconsin law, unless an insurer is first shown to have breached its obligations under the policy, there cannot be a claim for bad faith. *See Dahmen v. Am. Family Ins. Co.*, 2001 WI App 198, ¶ 12, 247 Wis. 2d 541, 635 N.W.2d 1.

Plaintiff asserts that granting the motion could cause unnecessary delay, potentially increase costs, and extend the "already-protracted litigation schedule." Pl.'s Br. at 3, 6, Dkt. No. 34. It also argues that some of the evidence regarding bad faith may overlap with the evidence regarding coverage. Neither argument is persuasive. The Court concludes that bifurcating the claims and staying discovery is appropriate in these circumstances, where the causes of action are distinct and proceeding with discovery on both the bad faith and coverage claims will prejudice Defendants.

To the extent evidence overlaps, it remains discoverable in the breach of contract claim over the policy. Allowing the parties to proceed with discovery on both claims simultaneously, however, will require Defendants to disclose work product and attorney client privileged information concerning the defense evaluation of Plaintiff's contract claim. Requiring the defendant, but not the plaintiff, to disclose information regarding its internal evaluation of the plaintiff's claim affords a clear advantage to the plaintiff in settlement negotiations that cannot be

obviated through the use of privilege logs, firewalls, or *in camera* inspections. Bifurcation of claims keeps both parties on an even playing field.

Plaintiff also contends that it would be highly prejudicial to postpone discovery because the more time that passes, the more likely it is that documents will be lost or destroyed or that memories will fade. But insurance companies, like other bureaucracies, document information, and the defense has an obligation to preserve all relevant evidence once it is aware of the lawsuit. Sanctions are available should a defendant breach that obligation. Moreover, contract claims over insurance coverage are often susceptible to prompt resolution, thereby limiting any delay should the bad faith claim survive.

Whether Defendants breached the terms of the policy is a question separate and distinct from whether they acted in bad faith. If the issue of coverage is decided in Plaintiff's favor, Plaintiff will have the opportunity to complete discovery and pursue the bad faith claim. If, on the other hand, no coverage is found to exist under the policies, Plaintiff's bad faith claim fails as a matter of law, sparing the parties and the Court the time and expense of discovery and litigation over immaterial issues.

Therefore, the motion to bifurcate claims and stay discovery on the bad faith claim (Dkt. No. 31) is **GRANTED**. Plaintiff's coverage claims will be bifurcated from the bad faith claim. Discovery relating to the bad faith claim is stayed until the issue of coverage is decided.

**SO ORDERED** at Green Bay, Wisconsin this 5th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge